UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM THOMAS BAYLIS,

    Plaintiff,

v.                                                           Case No: 6:18-cv-18-Orl-40TBS

NORTHROP GRUMMAN
CORPORATION,

    Defendant.

## ORDER

This case comes before the Court without a hearing on Defendant's Amended Motion to Compel (Doc. 31). Plaintiff has failed to respond to the motion and the time within to do so has expired. "When a party fails to respond, that is an indication that the motion is unopposed." Foster v. Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015) (citing Jones v. Bank of America, N.A., 564 F. App'x 432, 434 (11th Cir. 2014)); Strykul v. PRG Parking Orlando, L.L.C., Case No. 6:14-cv-211-Orl-31GJK, 2015 WL 789199, at *2 (M.D. Fla. Feb. 24, 2015). Based upon Plaintiff's failure to respond the Court proceeds on the basis that Plaintiff does not oppose this motion.

Plaintiff alleges that Defendant discriminated against him and terminated his employment because of his disabilities "even though his disabilities had not hindered him from performing the essential functions of his job in the past" (Doc. 24). Defendant served Plaintiff with its First Request for Production of Documents on October 4, 2018 and Plaintiff failed to respond (Doc. 31 at 1). On November 26, 2018, Defendant contacted Plaintiff regarding his overdue responses, at which time Plaintiff promised to provide them

within a week (Id. at 2). The week passed, and Plaintiff failed to provide any responses or produce any documents (Id.). Defense counsel followed up with Plaintiff on December 18, 2018 and again on January 3, 2019, but, to date, "Plaintiff has failed to produce a single document to [Defendant]" (Id. at 2).

Parties may serve on each other requests to "inspect, copy, test, or sample [designated documents or electronically stored information] in the responding party's possession, custody, or control[.]" FED. R. CIV. P. 34(b)(1)(A). The recipient has thirty (30) days within which to respond to the discovery request. FED. R. CIV. P. 33(b)(2), 34(b)(2)(A). If the recipient objects to a request he must state the grounds for his objection with specificity. See id. at (b)(4). Objections to discovery must be "plain enough and specific enough so that the court can understand in what way the [discovery is] alleged to be objectionable." Panola Land Buyers Assoc. v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985) (quoting Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)). On motion, the court may compel a party to produce the requested documents. See FED. R. CIV. P. 37(a)(3)(B)(iii).

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978). A discovery request "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." Roesberg v. Johns-Manville Corp., 85

F.R.D. 292, 296 (E.D. Pa. 1980); see also Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556 (7th Cir. 1984) (If Court is in doubt concerning the relevancy of requested discovery the discovery should be permitted.).

On this record, Defendant is entitled to production of the documents it has requested. Accordingly, Defendant's Motion to Compel (Doc. 31) is **GRANTED**. Plaintiff shall produce all responsive documents in his possession, custody, and control to Defendant on or before February 18, 2019.

**DONE** and **ORDERED** in Orlando, Florida on January 29, 2019.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    *Pro se* Plaintiff
    Counsel of Record