UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM THOMAS BAYLIS,

    Plaintiff,

v.     Case No: 6:18-cv-18-Orl-40TBS

NORTHROP GRUMMAN
CORPORATION,

    Defendant.

## ORDER

This employment discrimination case is before the Court on Defendant's Motion for Sanctions Based on Plaintiff's Failure to Attend His Scheduled and Noticed Deposition (Doc. 34). Plaintiff has filed a response in opposition to the motion (Doc. 36).

Plaintiff alleges that in 2008 he was diagnosed with "bona fide disabilities" (Doc. 24, ¶ 9). He claims that Defendant, which was his employer, discriminated against him by terminating his employment "even though his disabilities had not hindered him from performing the essential functions of his job in the past" (Id., ¶ 11). Plaintiff also alleges that Defendant failed to make reasonable accommodations for him (Id., ¶ 12). Plaintiff seeks back pay, front pay, damages for pain and suffering, punitive damages and other damages (Id., at 4).

The Case Management and Scheduling Order governing this case established February 1, 2019 as the deadline for the completion of all discovery (Doc. 20 at 1). Defendant coordinated with Plaintiff the taking of his deposition on January 30, 2019 (Doc. 34 at 2-3; Doc. 34-1 at 2-3; Doc. 34-2 at 2-3). When Plaintiff failed to appear, Defendant's lawyer phoned him on the record to find out where Plaintiff was (Doc. 38-1).

During that conversation, Plaintiff stated that he was not able to appear for his deposition because he had "no way of getting there." (Id., at 3). Plaintiff admitted that prior to his deposition he had not told Defendant he would not be able to attend (Id.). Plaintiff also acknowledged that Defendant had coordinated the deposition date with him and that he had previously agreed to the taking of his deposition (Id. at 3-4). Now, Defendant seeks the imposition of sanctions including dismissal of this lawsuit (Doc. 34 at 3-5).

Federal Rule of Civil Procedure 37(d) provides that "[t]he court where the action is pending may, on motion, order sanctions if … a party … fails, after being served with proper notice, to appear for that person's deposition[.]" Courts have broad discretion to impose sanctions under Rule 37. United States v. One 1999 Forty Seven Foot Fountain Motor Vessel, 240 F.R.D. 695, 697 (S.D. Fla. 2007). "Rule 37 empowers the district court to compel compliance with Federal discovery procedures through a broad choice of remedies and penalties, including dismissal with prejudice." Gonzalez v. Batmasian, 319 F.R.D. 403, 404 (S.D. Fla. 2017) (citing Griffin v. Aluminum Co. of Am., 564 F.2d 1171, 1172 (5th Cir. 1977)). However, "[d]ismissal of a complaint with prejudice is such a drastic remedy that a district court should apply it only in extreme circumstances." Id. at 405; see also BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1049 (11th Cir.1994) (dismissal and the entry of a default judgment are remedies of last resort that are only available after the court makes "a finding of willfulness or bad faith failure to comply"). Other, less severe, sanctions a court may impose against the party failing to act or the attorney advising that party (or both), include an award of the opposing party's reasonable expenses, including attorney's fees incurred by the party's failure to participate in discovery, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3).

Plaintiff argues that dismissal is not warranted in this case because he was unable to attend his deposition. According to Plaintiff:

> I went to the hospital to be evaluated for (1) Acute generalized weakness and (b) Minor closed head injury. The tests that were conducted were (1) CT Cervical Spine without Contrast and (2) CT Head Brain without Contrast … I was at the hospital from Wed 1/30/2019 until Thurs 1/31/2019. The Defendant was emailed a copy. I have no strength a job is out of the question.

(Id. at 6). The Court questions the veracity of Plaintiff's statement. When Plaintiff was phoned from the deposition room he never mentioned going to the hospital. Instead, he told defense counsel he had no way of getting to the deposition because he doesn't drive, and his wife was not available to bring him as she was visiting her brother in the hospital (Doc. 38-1 at 3). The Court also notes that Plaintiff did not call Defendant's lawyer or have his wife call Defendant's lawyer to provide any reason why Plaintiff would not appear for his deposition. Now, the Court finds that Plaintiff was properly served with a notice to appear for his deposition, and that there is no good cause for his failure to appear to be deposed.

This is not Plaintiff's first violation of the discovery rules. On January 29, 2019 the Court granted Defendant's motion to compel Plaintiff to comply with Defendant's first request for production (Doc. 32). While this is concerning, Plaintiff's conduct to date does not rise to the level warranting dismissal of the case. What is appropriate is an order compelling Plaintiff to appear for his deposition, and awarding Defendant its reasonable attorney's fees and costs incurred in connection with this matter. Accordingly, Defendant's Motion for Sanctions Based on Plaintiff's Failure to Attend His Scheduled and Noticed Deposition (Doc. 34) is **GRANTED in part**. Plaintiff is **ORDERED** to appear for the taking of his deposition at a date and time coordinated with defense counsel. This

deposition shall occur within 30 days from the rendition of this Order. Additionally, Defendant is awarded its reasonable attorney's fees and costs incurred in attending the scheduled deposition on January 30, 2019 and for prosecuting this motion. The parties shall agree on the amount or, if they are unable to agree, Defendant shall have 14 days from the rendition of this Order to file its motion for fees and costs and Plaintiff will be allowed 14 days to respond. The motion is **DENIED** in all other respects.

      **DONE** and **ORDERED** in Orlando, Florida on February 20, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

      Counsel of Record
      Pro se Plaintiff